UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUY ADAM ROOK,<br><br>                    Petitioner,<br><br>   v.<br><br>DONALD HOLBROOK,<br><br>                    Respondent. | CASE NO. C18-233 JCC-BAT<br><br>**ORDER DENYING MOTION TO CONSIDER PRO SE PLEADINGS DKTS. 42, 43.** |

In March 2018, the Court appointed counsel to represent petitioner in this federal habeas corpus action. Dkt. 8. Since then, counsel has represented petitioner and litigated this matter on his behalf. On September 23, 2019, petitioner's counsel filed a Reply in Support of Habeas Petition, Dkt. 41, a Motion to Consider Pro Se Filing and attached a pro se supplemental brief, Dkt. 42; petitioner also filed that day a declaration in support of his pro se supplemental brief. Dkt. 43.

Petitioner's counsel contends the Court should permit the *pro se* filing because petitioner has difficulties trusting his lawyers although counsel speak with petitioner on a weekly basis and have traveled to Walla Walla to meet with him. Counsel argues granting the motion will help petitioner be more confident in the fairness of the proceedings and that respondent will not be prejudiced. Dkts. 42 (declaration).

ORDER DENYING MOTION TO CONSIDER
PRO SE PLEADINGS - 1

Respondent argues the Court should deny the motion because petitioner's fear of appointed counsel is irrelevant, petitioner has two capable lawyers, and petitioner has no right to co-litigate the case while represented. Dkt. 44. The Court having considered the pleadings submitted and the record **ORDERS**:

(1) The motion to consider pro se reply filing, Dkt. 42, and declaration Dkt. 43 is **DENIED.** Petitioner does not have the right to co-litigate a federal habeas petition *pro se* while represented by counsel. This is barred under Local Rule 83.2(b)(5) which forbids a party represented by counsel of record from acting or appearing on his own behalf unless the party requests leave to proceed on his own behalf. Here petitioner does not ask leave to proceed on his own behalf and instead asks for permission to proceed along-side counsel and litigate his petition *pro se.* As the Court may apply the Federal Rules of Civil Procedure to federal habeas petitions under Habeas Rule 12, the Court concludes petitioner has no right to proceed *pro se* while represented.

(2) The Court has considered whether petitioner's difficulty trusting counsel supports granting the motion and concludes it is not. The Court understands many petitioners have trust issues with counsel. But counsel speak with petitioner weekly and have traveled from Seattle to Walla Walla to meet with petitioner. Counsel have filed a lengthy brief in support of relief. Two lawyers represent petitioner and it appears they have diligently represented petitioner. Under these circumstances, the Court declines to permit petitioner to co-litigate his case based upon trust issues with counsel.

(3) While the Court denies the motion to permit *pro se* filings, this does not mean the Court will disregard claims counsel did not brief. Rather, the Court will consider each of the grounds for relief raised in the habeas petition. The Court's denial of the motion is therefore not

dispositive because the Court will review each of the claims originally presented, rather than foreclose review of claims not briefed by counsel.

(4) The Clerk shall provide a copy of this order to the parties.

DATED this 16th day of October, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

DKTS. 42, 43. - 3