THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUY ADAM ROOK, | CASE NO. C18-0233-JCC |
| Petitioner, | MINUTE ORDER |
| v. | |
| DONALD R. HOLBROOK, | |
| Respondent. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Petitioner's motion to file overlength objections to the report and recommendation (Dkt. No. 51) and motion for reconsideration of the order striking Petitioner's *pro se* objections (Dkt. No. 53).

**I.  Overlength Briefing**

The report and recommendation stated that, "Objections and responses shall not exceed twelve (12) pages." (Dkt. No. 47 at 60.) Petitioner asks for leave to file 14-page objections to the report and recommendation, citing the substantial legal and factual issues presented in this case. (*See* Dkt. No. 51.) Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion. Petitioner is granted leave to file a 14-page brief setting forth his objections to the report and recommendation.

**II.     Motion for Reconsideration**

In September 2019, Petitioner, while represented by counsel, asked the Court to consider his *pro se* supplemental reply brief in support of his underlying § 2254 petition. (Dkt. No. 42.) The Honorable Brian A. Tsuchida, United States Magistrate Judge, denied Petitioner's request. (Dkt. No. 46.) Judge Tsuchida found that Petitioner had not requested to proceed on his own behalf and "does not have the right to co-litigate a federal habeas petition *pro se* while represented by counsel." (*Id*. at 2) (citing W.D. Wash. Local Civ. R. 83.2(b)(5)).[1] Judge Tsuchida also found that Petitioner's "difficulty trusting counsel" was insufficient to warrant granting his request. (*Id*.) Nonetheless, while Petitioner's counsel offered substantive argument only as to one of Petitioner's claims, Judge Tsuchida's report and recommendation thoroughly addressed the merits of each of Petitioner's claims in his § 2254 petition. (*See* Dkt. Nos. 41, 46 at 2–3, 47.)

On November 26, 2019, Petitioner filed *pro se* objections to Judge Tsuchida's report and recommendation. (*See* Dkt. No. 50.) The Court struck Petitioner's *pro se* objections because he remains represented by counsel. (*See id*.) Petitioner moves for reconsideration of the Court's striking of Petitioner's *pro se* objections. (Dkt. No. 53.)

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is appropriate only where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used

---

[1] Local Civil Rule 83.2(b)(5) provides that:

> When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he or she is represented by an attorney.

to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Petitioner first asserts that Local Civil Rule 83.2(b)(5) should be suspended in § 2254 proceedings where good cause is shown. (Dkt. No. 53 at 2.) Petitioner argues that good cause exists in this case because of Petitioner's "documented history of severe distrust of counsel [which has] made it difficult for him to work with undersigned counsel and to trust that the federal proceedings are fair." (*Id.*) Petitioner raised this argument before Judge Tsuchida, who rejected it after finding that Petitioner's distrust of his counsel was not unique to him and that Petitioner's counsel has competently and diligently represented him. (*See* Dkt. Nos. 42-2, 46 at 2.) Thus, the issue of Petitioner's distrust of counsel has already been put before the Court and it remains insufficient to merit allowing Petitioner to co-litigate his case alongside counsel. Therefore, Petitioner has not identified a manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence, and reconsideration is not merited on this ground. *See* W.D. Wash. Local Civ. R. 7(h)(1)

Petitioner next argues that his *pro se* objections to the report and recommendation are distinguishable from his *pro se* supplemental reply brief. (Dkt. No. 53 at 2–3.) Judge Tsuchida noted that "[w]hile the Court denies the motion to permit pro se filings, this does not mean the Court will disregard claims counsel did not brief . . . . The Court's denial of the motion is therefore not dispositive because the Court will review each of the claims originally presented, rather than foreclose review of claims not briefed by counsel." (Dkt. No. 46 at 2–3.) Petitioner argues that "[t]he same is not necessarily true of objections before the district court judge." (Dkt. No. 53 at 2–3) (citing *Loher v. Thomas*, 825 1103, 1121 (9th Cir. 2016) (discussing State's waiver of challenge to the petitioner's claim by failing to object to magistrate judge's recommendation that was adopted by district court)). Any distinction between Petitioner's *pro se* supplemental reply brief and his *pro se* objections does not merit reconsideration of the Court's

decision. Judge Tsuchida's report and recommendation reached the merits of each of Petitioner's claims, and Petitioner's counsel was welcome to raise any objection they wished. (See Dkt. No. 47.) And Petitioner's counsel has not established that the Court is precluded from reviewing Judge Tsuchida's report and recommendation in its entirety despite counsel's decision to cabin their objections to a single issue. (*See* Dkt. No. 52.) Therefore, Petitioner has not identified a manifest error or new facts or legal authority meriting reconsideration on this ground. *See* W.D. Wash. Local Civil R. 7(h)(1).[2]

For the forgoing reasons, Petitioner's motion for reconsideration of the Court's order striking Petitioner's *pro se* objections (Dkt. No. 53) is DENIED.

DATED this __ day of December 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

---

[2] While he does not cite it as a basis for reconsideration, Petitioner also states that the Court's striking of his *pro se* objections precluded him from bringing supporting legal authority to the Court's attention even with the exercise of due diligence. (Dkt. No. 53 at 1.) The Court notes that Petitioner's proposed *pro se* supplemental reply brief was accompanied by his counsel's succinct motion and declaration explaining why the *pro se* filing should be considered. (*See* Dkt. Nos. 42, 42-1, 42-2.) Petitioner does not explain his departure from this previous practice in filing his *pro se* objections. (*See generally* Dkt. No. 53.)